

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

March 20, 1939

Mr. Chas. H. Slaughter
County Attorney
Martin County
Stanton, Texas

Dear Mr. Slaughter:

Opinion No. O-509
Re: Whether or not an election
clerk is privileged from arrest
by a game warden while such
clerk is on duty

This will acknowledge receipt of your
letter of March 16, 1939, requesting an opinion of this
department, the pertinent part of which is quoted as
follows:

"A complaint was filed in this county
in the court having competent jurisdiction, against
a state game warden, charging him with disturbing
a general election which was being held, in that
he interfered with one of the election clerks while
on duty at the polling place and then and there
taking him and detaining him in an automobile
about fifty feet from the polling place against
his will and against the protest of the Judge of
the election.

"Under Article 3023... 'In all cases
except treason, felony or breach of the peace,
voters shall be privileged from arrest during their
attendance at elections, and in going to and re-
turning from'. I would like your opinion as to
whether or not you consider an election clerk
privileged from arrest by a game warden for the
offense of shooting migratory birds under the range
of this article."

Privilege from arrest means just that; it is a privilege and not a right and must be conferred on the person claiming it, either by the Constitution or the laws of this State. Neither the Constitution nor the laws of the State of Texas provide that an election clerk shall be privileged from arrest during his attendance at an election, although it is so provided in some states, one of which is Pennsylvania. Matter of Election Officers, 1 Brewster (Pa) 182; 5 C. J., 388.

The question of privilege from arrest, but not the question raised by you, is discussed in Volume 4 of Texas Jurisprudence at page 740, and by the Supreme Court of Texas in the case of Gentry vs. Griffith, 27 Tex. 461. For this reason, we must look to the decisions of the courts in other jurisdictions for guidance.

Even though an election clerk did come within the range of Article 3023 quoted above, he would not be privileged from arrest under the facts quoted, because the commission of the offense of shooting migratory birds is by the laws of Texas made a misdemeanor, a crime, and the privilege covered by the aforesaid Article does not extend to crimes, but covers only privilege from civil arrests. Williamson vs. United States, (1907) 207 U. S., 425, 52 L. Ed., 278, 28 Sup. Ct. Rep. 163.

The scope of the privilege extended by the terms "treason, felony and breach of peace" has a very interesting background, which is discussed in the case of Com. ex rel, Bullard vs. Keeper of Jail (1877) 4 W. N. C. Pa. 540. That case was one wherein a member of the General Assembly was arrested on a charge of embezzlement and it was insisted that, by virtue of the constitutional provision exempting members of the general assembly from arrest, except in cases of "treason, felony, violation of his oath of office, and breach or surety of the peace," he was immune, and entitled to be discharged. Holding that the immunity could be claimed only in civil cases, the court said:

"The constitutional privilege claimed by the relator is borrowed from the privileges claimed by and accorded to members of the British Parliament. These privileges were recognized and



enjoyed in Pennsylvania before any written
constitution had been adopted. They were a
part of our common law. The privileges, from
very small beginnings, had, by accumulation,
assumed alarming proportions. Parliament, being
the judge of its own privileges, could not be
confined within any certain limits, and for
this reason the framers of the Federal Constitu-
tion inserted the clause defining what the
privileges of members of Congress should be, and
beyond which they should not go. The object was
not to create the privileges therein expressed,
for they were already established by our common
law, but rather to render them certain, and fix
limits within which they should be confined.
The several states followed the national Consti-
tution, and inserted similar clauses in all their
constitutions. As the object was to limit the
privilege from arrest to that then enjoyed by
members of the British Parliament, and as the
same language is employed as had been adopted
in England to express the offenses for which
members of Parliament could be arrested, to-
wit: 'Treason, felony, and breaches of the
peace,' it follows that all offenses in England,
comprehended in the words breach of the peace,
are excepted from the privilege from arrest.
Blackstone says there is no precedent for any
such privilege, but only in civil suits. . . . .
It may be safely concluded that the privilege
from arrest in America is, in no case, greater
than the same privilege in England. We cannot,
by a liberal construction of the language of
our Constitution, enlarge the privileges of our
legislators beyond those formerly enjoyed by
members of the Parliament in England. See Story,
Const. Sec. 865. The reason of the law is its
life, and while there is great reason for priv-
ileging public servants from civil detentions
and arrests, there is none for shielding them
from apprehension for crimes against the peace
and dignity of the state."

        Therefore, it is the opinion of this
department that the answer to your question is no, an
election clerk is not privileged from arrest and that he
does not come under the range of Article 3025, Revised
Civil Statutes of Texas, 1925.

                              Very truly yours

                          ATTORNEY GENERAL OF TEXAS

                          By  *James Noel*
                                   James Noel
                                   Assistant

JN-s


APPROVED:

*Gerald C. Mann*
ATTORNEY GENERAL OF TEXAS